IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DENVER JAMES WHITE,

    Plaintiff,

v.                                                   No. CIV 11-0235 RB/LAM

CAROLYN HEAVINGTON,
JAMES JANECKA,
GEO GROUP CORP,
BONNIE M. DUMAS,
JANE VIA,

    Defendants.


MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP. For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

According to the complaint, Plaintiff is serving a sentence imposed in 2008 by a New Mexico court.  His claims arise from events relating to earlier criminal charges against him in California.  Exhibits in the complaint include a copy of a California felony arrest warrant for Plaintiff (Ex. C) dated December 4, 2007, though no further proceedings have occurred in the California case.  Exhibit B indicates that California authorities have not lodged a detainer but have asked that New Mexico authorities "place a hold" on Plaintiff to allow for later extradition proceedings.  Plaintiff alleges that New Mexico Defendants have "refus[ed] to file an [Interstate Agreement on Detainers] packet" for him and California prosecutors have failed to timely initiate criminal proceedings against him.  He contends that these actions have violated his due process and speedy trial rights.  In a motion to amend his complaint, he seeks to add the New Mexico Department of Corrections as an additional Defendant.  For relief, he asks for dismissal of the California charges against him, an order preventing his extradition to California, and damages.

No relief is available on Plaintiff's claims.  First, he alleges that the New Mexico Defendants violated his due process rights by failing "to file an IAD packet" for him.  As clearly indicated by the exhibits in the complaint, no detainer has been lodged, and thus Plaintiff had no procedural rights under the Act.  *See, e.g., People v. Garner*, 274 Cal. Rptr. 298, 301 (Cal. Ct. App. 1990) (" 'a formal detainer must be filed before an inmate . . . may invoke the provisions of the IAD.' ") (internal citation omitted).  As a result, Defendants' alleged failure to file the "IAD packet" caused him no

injury. The Court will dismiss Plaintiff's due process claim.

Second, Plaintiff's allegations do not support a federal claim for denial of his speedy trial rights in the California criminal proceeding.  As shown by the complaint, the only events in that proceeding are the filing of a verified complaint and issuance of the felony arrest warrant.  Plaintiff has not been arrested on the California charges. "Sixth Amendment speedy trial rights do not apply to preindictment or preinformation delay.  'Events which trigger Sixth Amendment protection are the formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge.' "  *Perez v. Sullivan*, 793 F.2d 249, 258 (10th Cir. 1986) (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)).  Here, Plaintiff has not been arrested or indicted in the California state criminal case, and thus his federal speedy trial rights have neither attached nor been violated.  Alternatively, to the extent Plaintiff asserts a violation of California's speedy trial laws, he must pursue those remedies in the California courts.  Plaintiff's complaint will be dismissed.  *See Styskal v. Weld County Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal with prejudice precludes adjudication of state law claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 7) are GRANTED, and Plaintiff owes the full amount of the filing fee;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE